**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

United States of America

    v.                          Criminal No. 2:11-PO-2-JRM

Ronald Strong

## O R D E R

Defendant has filed the following four motions:

1. Motion to Dismiss Multiplicitous Counts (Counts 2 and 3) (Document no. 27);

2. Motion to Dismiss all Counts as Void for Vagueness (Document no. 30);

3. Motion for a View (Document no. 31); and

4. Motion to Dismiss (for Inadequate Notice) (Document no. 31).

## Background

Mr. Strong is charged with smearing human feces within a public restroom and tracking human feces onto a public stairway, both within the Edward J. Gignoux U.S. Courthouse. Specifically, the alleged conduct is charged as creating a hazard (Count 2), willfully damaging federal property (Count 1) and creating a nuisance (Count 3), each a separate charge in violation of Title 41, Code of Federal Regulations Section 102-74.380(d), 102-74.380(b) and 102-74.390(a). Section 102-

74.365 requires that a notice of the provisions of this Chapter C be posted at the entrance of each federal facility. The notice for the front entrance is posted after the security screen up a few steps at the entrance to the office of the Clerk of Court.

The motions are considered in inverse order.

**Discussion**

A. <u>Motion to Dismiss for Inadequate Notice</u>

The location of the posted notice required by 41 C.F.R § 102.74.365 for the front entrance to the courthouse is not by the front door nor in the front rotunda where visitors pass through court screening. It is posted after the rotunda and security screen up a few steps at the door to the Clerk's Office. The parties agree on its location, and I am familiar with the front entryway. A visitor to the court who goes through screening and up the stairs to the courtrooms does not pass the posted notice.

The location of the posted notice is not adequate with respect to a visitor who ascends the stairs to the second floor, but it is adequate for a visitor who accesses the Clerk's Office.

The notice is adequate for Strong who walked past the notice on May 24, 2011, when he accessed the public restroom.

It is agreed that he walked past the notice on numerous occasions when as a non-registered ECF filer he hand-filed numerous documents in his social security case (Strong v. Social Security Administration, Case. No. 2:10-cv-00427-GZS). Defendant stipulates to his visits to the Clerk's Office prior to April 2011. Thus, Strong had actual access to the notice of the applicable regulations. Such notice is sufficient as "[t]he actual notice exception fulfills the rationale behind the conspicuous posting requirement . . . ." United States v. Bicksel, 395 F.3d 1053, 1056 (9th Cir. 2005) (citing other circuits).

The motion to dismiss for inadequate notice (Document no 31) is denied. A brief reconsideration argument on "actual notice" will precede trial.

B. Motion for a View

A view of the notice and bathroom in question will precede trial.

C. Motion to Dismiss for Vagueness

Defendant alleges that the regulations he is charged with violating are, as applied to him in this case, void as unconstitutionally vague. "Void for vagueness 'means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed.'" United States v. Duran, 596 F.3d 1283, 1290

3

(11th Cir. 2010) (quoting United States v. Nat'l Dairy Prods. Corp., 372 U.S. 29, 32-33 (1963)). The standard for determining whether a criminal statute is void for vagueness, enunciated in Kolender v. Lawson, 461 U.S. 352, 357 (1983), requires that a criminal statute or regulation "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." See United States v. Williams, 553 U.S. 285, 304 (2008) ("A conviction fails to comport with due process if the statute (or regulation) under which it is obtained fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement.").

As to the first step of a vagueness analysis, the Due Process Clause "requires that statutes or regulations be sufficiently specific to provide fair notice of what they proscribe." Kittery Motorcycle, Inc. v. Rowe, 320 F.3d 42, 50 (1st Cir. 2003). To determine whether or not a statute or regulation meets that requirement, the court should look first to the language of the statute or regulation. See Duran, 596 F.3d at 1291. "Where the language alone sets forth plainly perceived boundaries, no further inquiry is necessary." Id.

Defendant claims the regulations he is charged with violating fail on both prongs of the <u>Kolender</u> analysis -- that they do not provide adequate notice of what conduct is prohibited, and that they are sufficiently indefinite so as to encourage arbitrary arrests and prosecutions. Petitioner is charged with violating each of the three following regulations:

41 C.F.R. § 102-74.380(b): "All persons entering in or on Federal property are prohibited from . . . [w]illfully destroying or damaging property."

41 C.F.R. § 102-74.380(d): "All persons entering in or on Federal property are prohibited from . . . [c]reating any hazard on property to persons or things."

41 C.F.R. § 102-74.390: "All persons entering in or on Federal property are prohibited from loitering, exhibiting disorderly conduct or exhibiting other conduct on property that . . . [c]reates loud or unusual noise or a nuisance."

According to the plain language of these regulations, to be convicted of the offenses with which Strong is charged, a person must first enter in or on Federal property and then: (a) willfully damage property (Count 1); (b) create a hazard on the property to persons or things (Count 2); and (c) create a nuisance (Count 3). None of the language in any of the regulations cited here is vague. Strong is charged with

5

defecating in the bathroom at the federal courthouse, and then smearing fecal matter in the bathroom and tracking fecal matter onto a staircase. The government alleges that this act caused damage, created a hazard, and created a nuisance. "Damage," "hazard," and "nuisance" are all words with a common definition, obtainable by reference to any dictionary.[1]

Defendant specifically argues that the regulations do not give fair notice that accidental defecation, and the failure to clean up the resulting mess, would violate the regulations in question. That argument, however, mischaracterizes the nature of the case here, and the government's accusations as to what conduct of Strong's violated the regulations. Defendant is charged with creating a hazard and nuisance, and causing damage.

---

[1]On the "Dictionary.com" website, the court found easily understandable definitions to all of these words:

Damage: "injury or harm that reduces value or usefulness"

Hazard: "(1) an unavoidable danger or risk, even though often foreseeable. . . (2) something causing unavoidable danger, peril, risk, or difficulty."

Nuisance: "(1) an obnoxious or annoying person, thing, condition, practice, etc. . . . (2) [in the legal context] something offensive or annoying to individuals or to the community, especially in violation of their legal rights."

Dictionary.com, http://dictionary.reference.com/browse/damage, http://dictionary.reference.com/browse/hazard, and http://dictionary.reference.com/browse/nuisance (last visited Sept. 12, 2011). Reference to a "paper" dictionary yielded similar results.

6

Presuming that conviction on these offenses requires, at a minimum, proof of a voluntary act, the court finds that the statute accurately warns that voluntarily tracking or smearing feces in such a manner that a hazard, nuisance or damage ensues, is conduct proscribed by the regulations. Proof of knowing conduct satisfies the mens rea requirement. See United States v. Ayers, 2007 WL 397109, at *9 (N.D.Ga., Jan. 30, 2007).

In that vein, the statute is also not vague enough to encourage arbitrary and discriminatory enforcement. Defendant suggests that the statute allows an accidental mess left in a restroom to be charged as a crime. If that were the case, the court might find that, because such incidents are not frequently prosecuted, that law enforcement officers might be encouraged to discriminatorily or arbitrarily enforce the regulation against those they are anxious to prosecute. Here, however, the government has alleged more than a messy accident. Arbitrary prosecution for a voluntary act that creates damage, a hazard, or a nuisance, is not encouraged by any vagueness in the regulations at issue here. Accordingly, the court cannot find that, as applied, the regulations Strong is accused of violating are unconstitutionally void for vagueness.

D. <u>Motion to Dismiss as Multiplicitous</u>

On their face Counts 2 and 3 are not multiplicitous.[2] Multiplicitious indictment or information is one which "charges a defendant in more than one count of committing a single offense." <u>United States v. Lilly</u>, 988 F.2d 300, 302 (1st Cir. 1992). The test for a multiplicitous information was set out in <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the statutory to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

The exact same facts may make out more than one violation provided that each has a required element of proof not required by the others. See <u>United States v. Riley</u>, 2008 WL 437007, at *1 (D.N.H. Feb. 12, 2008) (Singal, J.).

Here, Count 1 requires proof of damage. Count 2 requires proof of the creation of hazard. Count 3 requires proof of a "nuisance." Here, the government says it will prove that defendant willfully damaged government property by harming or impairing the usefulness or value of the property. Such element is not included in either Count 2 or 3.

---

[2] As proved at trial they may be if "damage," "hazard," and "nuisance" are not established as distinguishable elements.

In Count 2 the government must prove a voluntary creation of a hazard-presumably that feces contain hazardous matter, provides a slippery surface or some other hazard. For Count 3 the government must prove the creation of an obnoxious condition or offensive condition.

Each element is different and is proved differently.

The motions to dismiss (Document nos. 27, 30, and 31) are denied.[3] The motion for a view portion of Document no. 31 is granted.

SO ORDERED.

James R. Muirhead
United States Magistrate Judge

Date: September 12, 2011

cc: Craig M. Wolff, Esq.
    Mary A. Davis, Esq.

---

[3] No. 31 may be reopened prior to trial by defendant to show lack of notice.

9