**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**


United States of America

    v.                                  Case No. 2:11-PO-000-2

Ronald Strong


## O R D E R

Defendant filed a "Motion to Amend in Support [of] New Trial" (Document No. 65) and a "Motion for Hearing in Support [of] New Trial" (Document No. 66). The government objects to both motions (Document no. 68). For the reasons set forth below, I deny both motions.

## Background

On September 14, 2011, after a bench trial, I found the defendant guilty of willfully damaging federal property, creating a hazard on federal property, and creating a nuisance on federal property. Defendant was sentenced to seven days incarceration on each charge, to be served concurrently. An appeal to a district judge was immediately filed on his behalf.

On September 26, 2011, the defendant filed his motion for a new trial. The motion was initially stricken because he had appealed. On October 7 the court reinstated the motion.

## Discussion

Defendant alleges that he was denied his constitutional rights under the Fourth, Eighth and Ninth Amendments by failing to provide him with discovery of the identity and photograph "of a potential witness," of a potential written report by the potential witness, and of a security log for entries into the courthouse.  Essentially, defendant suggests that if he had known who the agent was who first reported the filth in the bathroom to security and if he had the log for entries, the result of the trial would have been different.

The First Circuit has explained that under Fed. R. Crim. P. 33(a), "new trials based upon newly discovered evidence, or on evidence withheld by the prosecution, require specified showings as to the likelihood of a different result." United States v. Sepulveda, 15 F.3d 1216, 1219 (1st Cir. 1993).  The Supreme Court has stated that ". . . nondisclosure justifies a new trial if [the evidence] is 'material,' it is 'material' only if there is a reasonable probability 'that the evidence would have changed the result,' and a 'reasonable probability' is 'a probability sufficient to undermine confidence in the outcome.'" Id. at 1220 (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

2

Fed. R. Crim. P. 16(a)(1)(E) lists the matters and materials which the government must disclose: (1) items material to defense preparation; (2) items which the government intends to use in its case-in-chief; and (3) items obtained from defendant. Defendant's list of the discovery he seeks is not remotely related to the latter two categories

1. Photo and/or Identity of the Potential Witness

The government's obligation to disclose the "potential witness" is clear if the potential witness would provide exculpatory information. See Brady v. Maryland, 373 U.S. 83 (1963). Rule 16(a)(1)(E) requires disclosure if the potential testimony of the witness was material to preparation of the defense. Defendant has wholly failed to show that the potential witness would have provided material or exculpatory evidence for the defense. The only thing known about the potential witness is that he observed the conditions in the restroom after defendant had "used" it and immediately told court security personnel that the restroom needed to be cleaned. The potential witness would not have been helpful to the defense.

"[N]either the Constitution nor Rule 16 entitled a defendant to a list of all prospective witnesses before a trial in a noncapital case." United States v. Pearson, 340 F.3d 459,

468 (7th Cir. 2003), vacated on other grounds, 543 U.S. 1097 (2005). Absent a showing under Brady of a reasonable probability that the testimony of the potential witness would have changed the result defendant is not entitled to a new trial on the basis of failure to disclose the photo, security log or identity of the potential witness. Defendant has failed to make the required showing.

    2.  The Log

Defendant seeks the security log not only to discern the identity of the potential witness but also to show that he came into the courthouse earlier in time than witnesses testified he came in.  In other words, he would have attempted to impeach the witnesses as to when he came into the courthouse.

Defense counsel never requested any logs prior to trial. There was no discussion about the logs until cross-examination of the government's witnesses.  It was never apparent or suggested that the logs would provide exculpatory evidence.

As the trial transcript shows, the government provided pre-trial discovery of a video clip of defendant's entry into the courthouse and of Deputy Marshal Joyce's report of contact with defendant from the time he was coming out of the soiled bathroom to the time he left the courthouse.  The exact time when this

occurred is not material to defendant's defense.  He has made no
showing of materiality and certainly has not shown that there is
a reasonable probability that production of the logs would have
changed the result.

### 3. Hearing on the Motion

The Court's local rules provide that "all motions shall be
decided by the Court without oral argument unless otherwise
ordered by the Court on its own motion or, in its discretion,
upon request of counsel."  D. Me. R. 147(f).  A hearing is
unnecessary, and I deny the motion.

The motions (Document Nos. 66 and 67) are denied.

SO ORDERED.

James R. Muirhead
United States Magistrate Judge

November 22, 2011

cc:  Craig M. Wolff, Esq.
     Ronald Strong, Esq.